**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **CHARLES DIES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 1:10 CV 216 |
| v. | ) |
| | ) |
| **KENNETH FRIES,** *et al.*, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Charles Dies, a *pro se* prisoner, submitted a complaint on a 42 U.S.C. § 1983 complaint form. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). RULE 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal

constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Dies alleges that while he was being held at the Allen County Jail as a pre-trial detainee, "Confinement Officer Harbor illegally audio & video recorded inmates . . . ." (Complaint at 3, DE # 1.) The Fourth Amendment protects against unreasonable searches and seizures, but Dies was a prisoner and "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Therefore, Dies does not state a claim against Confinement Officer Harbor.

Dies also alleges that during a 24 hour lockdown of the cell block, Corporal Pruden cancelled phone and visitation privileges. Though Dies clearly objects to the brief interruption of those privileges, "[t]he very object of imprisonment is confinement . . . [a]nd, as our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted). Pre-trial detainees do not have a constitutional right to either visitation, *Block v. Rutherford*, 468 U.S. 576, 586-587 (1984), or telephones, *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1145 n.2 (7th Cir. 1983). Therefore, Dies does not state a claim against Corporal Pruden.

Also, Dies alleges that Sheriff Kenneth Fries was negligent in not properly training his staff to have avoided these two incidents. First, "[n]egligence on the part of an official does not violate the Constitution . . . ." *Pierson v. Hartley*, 391 F.3d 898, 902

(7th Cir. 2004). Second, "[t]he doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Finally, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (quotation marks and citation omitted). Here, where the actions of the correctional officers themselves did not violate the plaintiff's rights, there is no basis for a claim for inadequate training. Therefore, Dies does not state a claim against Sheriff Kenneth Fries.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

**SO ORDERED**.

Date: August 6, 2010

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT